## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| JUAN ZEPEDA, ) | **CLASS ACTION COMPLAINT** |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 1:21-cv-473 |
| ) | |
| CETERIS PORTFOLIO SERVICES, LLC ) | |
| ) | |
| and ) | **JURY TRIAL DEMANDED** |
| ) | |
| NSA LEGACY LLC d/b/a ) | |
| NORTH SHORE AGENCY ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Juan Zepeda (hereinafter "Plaintiff"), by and through the undersigned counsel, and for his Complaint against Defendants, Ceteris Portfolio Services, LLC (hereinafter "Ceteris") and NSA Legacy LLC d/b/a North Shore Agency (hereinafter "NSA"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

### JURISDICTION AND VENUE

1.       This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.       Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

3.       Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4.       Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5.      Plaintiff resides in the city of Round Rock, a part of Williamson County, Texas.

6.      The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Round Rock, a part of Williamson County, Texas, making Austin a proper venue under 28 U.S. Code § 1391(b)(2).

7.      Defendant Ceteris, a Delaware corporation headquartered in Wilmington, Delaware regularly attempts to collect debts allegedly due to another.

8.      Defendant NSA, a New York corporation headquartered in Melville, New York practices as a debt collector throughout the country, including Texas.

9.      Defendants are registered to transact business in Texas.

10.     Defendants attempt to collect alleged debts throughout the state of Texas, including in Round Rock city and Williamson County.

11.     Defendants have actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

12.     Defendants have sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Round Rock city and Williamson County and Defendants attempt to collect alleged debts throughout the state of Texas.

13.      As Defendants knowingly attempted to collect on a debt allegedly incurred in Round Rock, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

**STANDING**

14.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

15.     Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v.

<u>Defenders of Wildlife</u>, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); <u>Bellwood v. Dwivedi</u>, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

16.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" <u>Lane v. Bayview Loan Servicing, LLC</u>, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also <u>Church v. Accretive Health, Inc.</u>, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

17.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." <u>Lane</u>, 2016 WL 3671467 at *4.

## PARTIES

18.     Plaintiff Juan Zepeda is a natural person currently residing in the state of Texas.

19.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

20.     Defendant NSA is a New York corporation engaged in the business of collecting debts, using mails and telephone, in this state with its corporate headquarters located at 270 Spagnoli Road Ste. 110, Melville, New York. The principal business purpose of Defendant Ceteris is debt buying, whereby Defendant Ceteris buys outstanding debt obligations and then retains lawyers or collection agencies to collect the debts alleged due.

21.     Defendant NSA is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Texas. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

22.     Defendant Ceteris is a Delaware corporation with its principal place of business at 112 West Park Drive Ste 200 in Mt. Laurel Township, New Jersey 08054. The principal business purpose of Defendant Ceteris is the collection of debts in Texas and Nationwide, and Defendant regularly attempts to collect debts alleged due to another.

## FACTUAL ALLEGATIONS

23.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

24.     Upon information and belief, on a date better known by Defendants, Defendant NSA began to attempt to collect an alleged consumer debts from Plaintiff

25.     The debts were said to be owed to Hawthorne Village and Bradford Exchange Online for a personal collectible, and a residential apartment and thus would only have been used for personal or family purposes.

26.     The alleged debts were primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     On or about June 1, 2020, NSA sent Plaintiff a collection letter. Said letter is attached and fully incorporated herein as **Exhibit A.**

28.     This letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29.     This letter states in all capital, bolded letters: "DEMAND FOR PAYMENT!!."

30.     The letter then goes on to state "WE HEREBY DEMAND THAT YOU PAY THS AMOUNT," again in all capital letters.

4

31.     The letter then continues by stating, "put an end to these collection efforts by making a payment in full…"

32.     First, the capitalizations and bolded letters appear to be used as a tactic to make the consumer feel pressed and anxious.

33.     By "demanding" of Plaintiff, Defendant NSA's attempts to create a sense of urgency in forcing Plaintiff to make a payment.

34.     Moreover, Defendant NSA goes on to imply that he must pay in order to stop future collection efforts.

35.     Not only is this vague as to what other collection efforts may befall Plaintiff, but it also implies it is the only way to stop collection activities. This is untrue.

36.     On or about June 16, 2020, NSA sent Plaintiff a collection letter. Said letter is attached and fully incorporated herein as **Exhibit B.**

37.     This letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

38.     This letter states that if Plaintiff does not pay in full, then he should "be prepared for further collection contact as [his] account becomes more seriously delinquent."

39.     Defendant NSA attempts to make the least sophisticated consumer believe that some ominous "further collection" that he or she must "prepare for" could befall him or her if payment is not remitted.

40.     Therefore, Defendant NSA clearly intended the language of both letters letter to be threatening, disparaging, and demeaning.

41.     Defendant NSA's letters are aggressive and combative.

42.     These statements are clearly veiled threats used as a pressure tactic and aimed to manipulate the least sophisticated consumer into making payment on the alleged debt out of fear of reprisal.

43.    This veiled threat is egregious in that it does not even specify what exactly will befall Plaintiff if he were to not pay on the alleged debts.

44.    The least sophisticated consumer is left to ponder over what these "collection efforts" and "further contacts" could potentially be if they didn't make payment on the alleged debt or call the collector.

45.    Upon information and belief, the veiled threats are made in a vague fashion to confuse and scare the least sophisticated consumer in order to convince them to make payments before any of these implied repercussions can befall them.

46.    Again, it is unclear to the least sophisticated consumer if these "collection efforts" and "further collection contacts" include: the filing of a lawsuit against the least sophisticated consumer, reporting the least sophisticated consumer to the credit reporting agencies, calling the least sophisticated consumer's cell phone with the intent to harass them into making payments, threatening the least sophisticated consumer with the prosecution of a crime, threatening to garnish the least sophisticated consumer's wages, threatening to put a lien on the least sophisticated consumer's home, etc.

47.    These statements are clearly meant to shame Plaintiff into paying the alleged debt.

48.    This statement does not in any way inform the Plaintiff of his rights, but instead attempts to belittle Plaintiff.

49.    Upon information and belief, Defendant NSA's attempts to trick the least sophisticated consumer into believing that his only option is to pay the alleged debt or suffer harassment.

50.    This attempts to force Plaintiff to forego his rights to consider all of his options.

51.    **Exhibit B** is deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

6

52.     **Exhibit B** is deceptive and misleading as it failed to accurately describe the potential outcomes of paying or not paying the alleged debt. of 15 U.S.C. §§ 1692e, 1692e(10).

53.     Moreover, upon information and belief, Defendant Resurgent provided Plaintiff's information to a letter vendor, who then drafted and sent **Exhibit A** and **B** to Plaintiff.

54.     Upon information and belief, this information included Plaintiff's name, address, account number, creditor information, and alleged balance.

55.     Defendant NSA is not entitled to communicate with third parties regarding Plaintiff's alleged debt. Hunstein v. Preferred Collection and Management Services, Inc., Case No. 19-14434 (11th Cir. April 21, 2021).

56.     Plaintiff suffered injuries-in-fact by being subjected to unfair and abusive practices of the Defendants.

57.     Plaintiff suffered actual harm by being the target of the Defendant NSA's misleading debt collection communications.

58.     Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

59.     Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

60.     Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs' alleged debts.

61.     Defendant NSA's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant NSA's collection efforts.

62.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide

information that helps consumers to choose intelligently. The Defendants false representations misled the Plaintiffs in a manner that deprived them of their rights to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

63.   These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

64.   Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

65.   All of Defendants' actions complained of herein occurred within one year of the date of this Complaint.

66.   Defendants' conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding their situation.

67.   Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

68.   Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendants' conduct.

69.   Defendants' action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

70.   Plaintiff would have pursued a different course of action had Defendants not violated the statutory protections created by Congress.

71.     Plaintiff attempted to pursue his right yet was left with no actual knowledge as to how to proceed based on Defendants' actions.

72.     Defendants' denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of his debt in order to make a rational determination as to how to proceed and forcing him to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

73.     Defendant Ceteris exercised control over Defendant NSA's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

74.     Defendant Ceteris is vicariously liable for Defendant NSA's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant NSA, was allowed to attempt to collect on their behalf.

75.     Defendant Ceteris would not legally be allowed to collect a certain amount on behalf of the hospital if Defendant NSA had not in fact given them approval or agency to act on their behalf to collect the alleged debt.

76.     Upon information and belief, Defendant Ceteris gave Defendant NSA the green light, and thus agency, to attempt to collect on the alleged debt in a manner that violated the FDCPA.

77.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

78.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

79.     Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## CLASS ALLEGATIONS

80.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

81.     The identities of all class members are readily ascertainable from the records of NSA and Ceteris and those business and governmental entities on whose behalf it attempts to collect debts.

82.     Excluded from the Plaintiff's Class is NSA, Ceteris, and all officers, members, partners, managers, directors, and employees of NSA and Ceteris, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

83.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether NSA and Ceteris's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

84.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

85.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class

defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

86.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.     **Numerosity**: The Plaintiffs are informed and believe, and on that basis alleges, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

b.     **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether NSA's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

c.     **Typicality**: The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.     **Adequacy**: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

11

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudication which could establish incompatible standards of conduct for Defendant who, upon information and belief, collects debts throughout the United States of America.

87.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

88.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

89.     Further, NSA and Ceteris have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

90.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

91.     This cause of action is brought on behalf of Plaintiff and the members of a class.

92.     The class consists of all persons whom Defendants' records reflect resided in the State of Texas and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about June 1, 2020 (**Exhibit A**) and June 16, 2020 (**Exhibit B**); and (a) the collection letters were sent to a consumer seeking to collect a debt for personal, family or household purposes; and (b) the collection letters were sent from one year before the date of this Complaint to the present; and (c) the collection letters were not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed, as well as for failing to correctly identify the actual identity of the debt collector.

## COUNT I: Violations Of § 1692e(10) Of The FDCPA – False, Deceptive, Or Misleading Collection Actions

93.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

94.     Section 1692e(10) of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

95.     Making a false statement of the name of the current creditor violates § 1692e(10) of the FDCPA.

96.     Defendant NSA's communications with Plaintiffs were deceptive and misleading.

97.     Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

98.     Defendants' violation of § 1692e(10) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Juan Zepeda, individually and on behalf of all others similarly situated, prays that this Court:

A.      Declare that Defendants' debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff, Juan Zepeda, and all others similarly situated, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper. .

**COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse**

99.     Plaintiff incorporate by reference all other paragraphs of this Petition as if fully stated herein.

100.    Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

101.    Defendant NSA's communications with Plaintiff was meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

102.    Defendants used threatening and demeaning language repeatedly toward Plaintiff.

103.    Defendants' violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Juan Zepeda, individually and on behalf of all others similarly situated, prays that this Court:

A.      Declare that Defendants' debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff, Juan Zepeda, and all others similarly situated, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

104.   Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

105.   Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

106.   Defendant NSA's communications with Plaintiff were deceptive and misleading.

107.   Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

108.   Defendants threatened Plaintiff in vague but aggressive manners, in addition to hiding the actual creditor to whom the debt is owed.

109.   Defendants' violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Juan Zepeda, individually and on behalf of all others similarly situated, prays that this Court:

A.     Declare that Defendants' debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff, Juan Zepeda, and all others similarly situated, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

**COUNT IV: Violations Of § 1692c(b) Of The FDCPA – Communication With a Third Party**

110.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

111.    Section 1692c(b) of the FDCPA prohibits a debt collector from communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

112.    Sending information regarding Plaintiff's alleged debt, including her name, address, account number, creditor information, and balance, is communicating in an attempt to collect an alleged debt.

113.    Defendant's violation of § 1692c(b) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juan Zepeda prays that this Court:

A.    Declare that Defendants' debt collection actions violate the FDCPA;

B.    Enter judgment in favor of Plaintiff Juan Zepeda and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

114.    Plaintiff demands a trial by jury on all Counts so triable.

Dated:  May 27, 2021.

Respectfully Submitted,

**HALVORSEN KLOTE**

By:     /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
*Attorneys for Plaintiff*